USCA1 Opinion

 

 September 6, 1996 [NOT FOR PUBLICATION] UNITED STATES COURT OF APPEALS FOR THE FIRST CIRCUIT ___________________ No. 96-1186 ROBERT F. KELLEHER, Plaintiff, Appellant, v. LORAL INFRARED AND IMAGING SYSTEMS, INC., Defendant, Appellee. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF MASSACHUSETTS [Hon. Mark L. Wolf, U.S. District Judge] ___________________ ____________________ Before Selya, Cyr and Boudin, Circuit Judges. ______________ ____________________ Robert F. Kelleher on brief pro se. __________________ Alan B. Pearl, Pearl & MacKenzie, P.C., Leonard Paris and _______________ __________________________ ______________ Laurence I. Cohen on brief for appellee. _________________ ____________________ ____________________ Per Curiam. Plaintiff-appellant alleged age ___________ discrimination in the termination of his eighteen-year employment as a quality assurance engineer during a company- wide reduction in force which occurred shortly after his former employer was acquired by another corporation. The new employer, LIRIS, responded that the elimination and consolidation of employee positions was a necessary cost- cutting move, and that it had treated age neutrally in the process. After lengthy discovery, the district court granted summary judgment to LIRIS because plaintiff's proof failed to create a genuine issue of fact as to LIRIS's motivation.  Reviewing the judgment de novo, and after a close __ ____ examination of the record and briefs, we find no substantial reason to disagree with the district court's conclusion. Accordingly, we summarily affirm the judgment, adding only the following comments in response to two of appellant's arguments on appeal. (1) We have reviewed with care the excerpts from appellant's deposition testimony which he claims were overlooked by the district court. The testimony does not ___ identify the anonymous declarant(s) who reported that LIRIS was prejudiced against older workers and "taking a hard look at anyone over 40 years of age and earning over 40K." Appellant named employees who "discussed," "referenced," or "mentioned" the anonymous statements, not those who initially -2- uttered them. Appellant's reliance on Conway v. Electro ______ _______ Switch Corp., 825 F.2d 593 (1st Cir. 1987), and Woodman v. _____________ _______ Haemonetics Corp., 51 F.3d 1087 (1st Cir. 1995) is thus __________________ misplaced. In Conway, we held that the district court did ______ not abuse its discretion in a gender discrimination case by admitting into evidence testimony reflecting two prior instances of gender bias in the treatment of women employees. The witnesses testified that in each instance a named company manager explained a decision to deny a pay increase to a woman employee on the basis of the woman's gender. The named declarants had authority to make the statements, and one of them was the president of the company at the time that plaintiff's employment was terminated. We held that under Fed. R. Evid. 401, the statements were not wholly irrelevant to the issues at hand because they might circumstantially evidence a "corporate state-of-mind" or a "discriminatory atmosphere."  In Woodman, an age discrimination case, we held _______ admissible a named supervisor's statement purporting to communicate management's desire for a younger workforce. The supervisor was in a position to know of management's intentions; she was "directly involved" in implementing the challenged reduction in force; and the statement was admissible under Fed. R. Evid. 801(d)(2)(D) because it -3- concerned matters within the scope of her employment. Woodman, 51 F.3d at 1093-94.  _______ In contrast, appellant's proof is that anonymous statements reporting a discriminatory animus were "abound" during the layoff period, and "bantered about" by numerous employees. There was no evidence that the banterers were in a position to know of management's sentiments nor that they had any responsibility for communicating or implementing LIRIS's policy. The identification of one of the banterers as a "supervisor" does not alone provide the missing link, especially since this supervisor was himself a victim of the new management's layoff.  Proof of "bantering" by employees fearful of a new employer's motives for a layoff does not suffice to establish a genuine issue of fact as to the employer's actual mindset. Cf. Betkerur v. Aultman Hosp. Ass'n, 78 F.3d 1079, 1095 (6th ___ ________ ___________________ Cir. 1996) (holding that "rumors, conclusory allegations and subjective beliefs [are] wholly insufficient evidence to establish a claim of discrimination as a matter of law"). As the district court observed, too, appellant's proof did not satisfy the foundation requirements for admissibility under Fed. R. Evid. 801(d)(2)(C)(D). (2) Appellant's evidence also was insufficient to establish a genuine issue of fact in support of his theory that he was "replaced" in his position by a younger employee -4- and/or that LIRIS retained younger employees in the "same" position. Viewing the evidence in the light most favorable to appellant, it could not support a reasonable inference that any employee assumed a position that was coextensive with, or identical to, the duties which appellant had performed. See LeBlanc v. Great American Ins. Co., 6 F.3d ___ _______ ________________________ 836, 846 (1st Cir. 1993) (an employee is not "replaced" when another is assigned to perform his duties in addition to other duties, or when the work is redistributed among other existing employees already performing related work), cert. _____ denied, 114 S.Ct. 1398 (1994); cf. Hebert v. Mohawk Rubber ______ ___ ______ _____________ Co., 872 F.2d 1104, 1114 (1st Cir. 1989) (finding sufficient ___ proof to survive summary judgment where the younger retained person "exactly" conducted the work of riffed employee, with only minor modifications).  Appellant's motion for reconsideration of the order submitting this case for decision without oral argument is denied. The judgment is affirmed. See Loc. R. 27.1.  ______ ________ ___ -5-